MULFORD v. ROBERTS SHERIFF ET AL.

[73 South. 609, Division B.]

SHERIFFS AND CONSTABLES. *Failure to levy execution. Liability.*

> Where appellant procured a judgment against his debtor and had
> an execution issued and placed in the hands of the sheriff with
> directions to levy on a certain warrant issued by the board of
> supervisors to the execution debtor, which warrant was then
> in the custody of the chancery clerk and the sheriff delivered
> the execution to an unsworn deputy, who went to the office of the
> chancery clerk and there found the warrant, but did not take the
> same into his possession as required by Code 1906, section 3964,
> but pinned the execution to the warrant and before the sheriff
> got possession of the warrant it was delivered to a third party
> under an assignment and in a suit between the sheriff and such
> assignee the warrant was awarded to the assignee. In such case
> there was a failure on the part of the sheriff to levy the execution
> and the judgment creditor was entitled to damages against him
> for his neglect.

Appeal from the circuit court of Lawerence county. Hon. A. E. Weathersby, Judge.

Suit by J. F. Mulford against L. T. Roberts, sheriff, and others. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*C. E. Gibson,* for appellant.

It will be seen from a review of all the testimony in the case that there was no levy at all, all the witnesses say, in fact it is so stated in the returns of the sheriff, that the execution was pinned to the warrant. Can it be said that this constitutes a levy? It could not even be held to be a constructive levy, for there would be nothing to give a trespasser warning. There was no sign of warning in the execution, because there was nothing to show that it had ever been in the sheriff's hands. It, as a matter of course, indicated nothing.

A levy is where an officer seizes and possesses himself with chattels under a writ in such a manner as to enable him to maintain an action of trespass or replevin against a wrongful taker. 84 Wis. 80, 54 N. W. 18-20; 200 L. R. A. 267; 36 Am. St. Rep. 907.

The law presumes that the property levied on by the sheriff to be taken in the hands of the sheriff. 45 Miss. 419.

A levy on personal property is only made by the taking of the property into the possession of the sheriff. Just to make a return "I have leveyed upon the property suggested by writ of execution" but failed to take same into his possession has not made a levy. 10 S. & M. 36.

The omission to levy an execution is a breach of the sheriff's bond. 5 H. 434; 11 S. & M. 219, 49 Am. Dec. 53. The sheriff says that the property was pointed out to him (tr. p. 8.) In the case of *Redus et al.* v. *The State to use of W. S. Browdry,* it was held that if the

plaintiff points out the property in the defendant's possession, it is *prima facie* subject to execution; and if the sheriff fails to demand a bond of imdemnity, and does not levy, he assumes the burden of proving that the property belongs to a third person, or is exempt.''

The sole and only question in this case is, did the sheriff omit to levy the execution, or did his acts in undertaking to levy, cause the plaintiff to suffer thereby, if so, then his bond is liable. In 17 Cyc. 1085, the general rule levying upon personal property is stated as follows:

''The rule is well settled that to constitute a valid levy upon personal property the property must be within the power and control of the officer when the levy is made and he must take it into his possession within a reasonable time thereafter, and in such an open public, and unequivocal manner as to apprise everybody that it has been taken in execution. In some of the cases the rule has been thus stated: 'The officer must deal with the property in such manner, in order to constitute a valid levy, as would, without the protection of the execution, make him a trespasser.' ''

The rule as stated by the Missouri court in the case of *Newman* v. *Hook*, 37 Mo. 207, 90 Am. Dec. 378 ''the word levy as defined by our statute means actual seizure, that is, the officer must take actual possession of the goods, and this language would seem to exclude all idea of a constructive possession.''

In the case of *Davidson* v. *Waldron*, 31 Ill. 120, 83 Am. Dec. 206, it was held, ''Where no delivery bond is executed, the officer who levies on personal property must, to affect the rights of third persons, take the property into his possession.''

Section 3964 of the Code of 1906 under the head of process, reads as follows: When on personalty—''If the levy be upon personal property the officer shall take the same into his possession and dispose of it according to law.''

By reference to the return it will be seen that the sheriff said that he had levied upon the said warrant, etc., and that he then and there notified the chancery clerk that he had done so, and then by the further and second returns the said sheriff recites the fact that he had levied upon the warrant in question by pinning the execution to the warrant. Is this such protection as the officers of the law are due the citizens who look to them for the protection of their rights? The sheriff could have taken the warrant out, as it was shown that he had done others, and if it had not been registered, he could have had it registered, There are many ways by which the plaintiff in execution could have been protected, and this by the exercise of only ordinary caution and judgment.

*Luther E. Grice,* for appellee.

There is only one complaint that appellant can make against the sheriff, and that is that the latter did not take the execution and go to the clerk's office and there remain, day and night, keeping one eye upon the clerk and the other upon the warrant book, until something "turned up." This complaint, we submit, has no foundation either in reason or in law. Appellant might as well say that the sheriff could be required to keep vigil over a cow, waiting for the birth of a calf, in order to levy on the calf. We decide that the judgment of the lower court should be affirmed.

*Patterson & McGehee,* for appellee.

We invite the court's attention to the main disclosures made by the record to the effect that at the time the execution in question was placed in the hands of the sheriff, the warrant in controversy had not been signed by the clerk and had not been registered as required by law. The warrant had not been signed or registered when the deputy sheriff went to the clerk's office to make his levy. If he had taken it out in its un-

signed and unregistered condition it would not have
been worth anything—in fact it was not then a warrant,
and had no value. He pinned his execution to the paper,
which was then payable to the judgment debtor for a
definite amount, and which said execution would have
become notice not only to the clerk, but to all parties
that the sheriff was claiming it under the execution as
soon as the same should have been signed and reg-
istered. The evidence shows that it was not in fact
issued. The evidence also shows that the warrant was
taken under a prior assignment, and thereby shows that
the action of the sheriff did not damage the appellant.
Referring to the authorities cited by counsel for appel-
lant to the effect that a levy on personal property con-
sists in the officer taking the property into his posses-
sion, we respectfully submit that to constitute taking
property into possession it is not necessary that the prop-
erty be removed from the place at which the officer finds
it. For instance, suppose the property in question had
been a stack of lumber, then the levy would have been
sufficient if the officer had attached sufficient notice there-
to to apprise the public that he was taking it under exe-
cution, and in the case at bar the notice or paper affixed to
the warrant was ample notice in that behalf, and there
was no greater reason for requiring the officer in order to
have possession of it than there would be to require
him to take the lumber there in case of a levy on lum-
ber.

We respectfully submit that the record fails to show
in this case that the sheriff was guilty of any breach
of official duty such as to make him answerable in dam-
ages to the appellant.

COOK, P. J., delivered the opinion of the court.

The appellant procured a judgment in the justice
of the peace court against one S. H. Deen, had an
execution issued thereon, and placed same in the hands

of appellee L. T. Roberts, who was the sheriff of the county. The sheriff was directed to levy on a certain warrant issued by the board of supervisors to the execution-debtor, which warrant was then in the custody of the chancery clerk. The sheriff delivered the execution to a deputy. The deputy went to the office of the chancery clerk, and there found the warrant, but did not take same into his possession. The deputy made the following return on the execution, viz.:

"Executed the within writ by levying upon a certain county warrant No. 553, issued on July 5, 1912, drawn in favor of S. H. Deen for the sum of two hundred sixty-five dollars, as the property of said S. H. Deen, which said warrant when levied upon was in the possession of the chancery clerk of Lawerence county, Miss., and said chancery clerk was then and there notified that I had levied upon said warrant by virtue of the within execution, whereupon the said chancery clerk took this execution and pinned it to said warrant so levied upon. This 5th day of July, 1912. L. T. Roberts, Sheriff, by W. T. Holmes, D. S."

Thereafter, and on the return day of the execution, the sheriff made this additional return on the execution, viz.:

"I have further executed the within writ by going in person on the 6th day of July, 1912, to the office of the chancery clerk of Lawrence county, Miss., and levying upon and taking into my possession a certain county warrant No. 533, issued on the 5th day of July, 1912, drawn in favor of S. H. Deen, for the sum of two hundred sixty-five dollars, and of the value of two hundred sixty-five dollars, as the property of S. H. Deen, and by then and there declaring to the said chancery clerk in whose official custody I found said warrant that I wished to take out all warrants that I had in his office and take same into my possession, meaning to take this one under this writ, and after having taken the warrants into my possession, I left them there to be regis-

tered as required by law to be done, and I again fast-
ened this writ of execution to said warrant as a warn-
ing to all parties that it had been levied upon and taken
into my possession, and the said chancery clerk well
knew that this had been done, and I also notified the
said S. H. Deen I had levied upon the said warrant un-
der this writ, at which time I was informed by the said
Deen that Mr. John H. Arrington had some interest in
said warrant. I also notified the said Arrington that I
had levied upon the said warrant under this writ, who
then and there stated that he would file claimant's af-
fidavit for the same, and after a short time I returned
to the said chancery clerk's office, where I had left the
warrant to be registered, and, going to the place where
I had left the same, I found that it had been removed
by the said S. H. Deen and Arrington, as I was in-
formed, and I immediately telephoned the Bank of
Monticello and the said Arrington that I had levied upon
the said warrant, and requested that the warrant be re-
turned to me, which request was refused, whereupon,
on the————day of July, I caused a writ of replevin to
be issued for the said warrant and served upon the said
bank, and the said bank thereupon gave bond as pro-
vided by law for the delivery of said warrant or its
value to the circuit court of Lawrence county on the
first Monday of August, 1912, when and where said re-
plevin writ was made returnable, copy of which said
bond, duly certified to, is herewith returned as a part
hereof. Given under my hands this the 27th day of
July, 1912. L. T. Roberts, Sheriff of Lawrence coun-
ty.''

Thereafter an additional and final return was made
as follows:

''The Estate of Mississippi, Lawrence County. Now,
for further and final returns hereon, I would show
that on the 9th day of August, 1912, the case of Roberts,
as sheriff, against the Bank of Monticello, filed in the
circuit court of this county, as heretofore reported, and,

the same having been presented to the court, the court found for the defendant therein and that the Bank of Monticello was entitled to hold the property in question as against the said plaintiff, Roberts. I therefore have no property or money to return into this court under said execution and levy, and asked to be discharged with my reasonable cost. L. T. Roberts, Sheriff of Lawrence County.''

The evidence taken at the trial shows that there was an attempt to levy the execution by pinning the same to the warrant and by pinning both to the stub in the warrant. It is claimed that the chancery clerk asked that the warrant be left with him for registration, but the chancery clerk denies this.

Before the sheriff got the warrant in his possession another person got possession of the warrant by assignment, and what the sheriff then did to get the warrant into his possession is shown by the return. Briefly stated, the sheriff never took the warrant into his possession and under his control, but after he had made an abortive attempt to levy the execution, the warrant was delivered to the Bank of Monticello, and thereupon the litigation to gain possession was begun and resulted in his failure to get the warrant. It was the duty of the sheriff to take into his possession the warrant pointed out to him, and the question is: Did he do it?

The sheriff, testifying as a witness, in response to a question as to whether he did take possession of the warrant, said that he attempted to take possession, but he did not quite succeed in his attempt. There is another notable feature of this record; the deputy (?) appointed to serve the execution was never sworn in as such, and was not appointed in writing to serve the process. The law prescribes the method for levying process upon personal property. Section 3964, Code of 1906. The sheriff in this case did not pursue the way marked out by the statute, and, never having taken into his possession the property in question, he had no right to the posses-

sion of same, and his efforts to secure possession by suit were, of course, futile. The rights of the judgment creditor may not be determined by an action of replevin instituted by the sheriff against strangers to the record, especially, when it appears that the sheriff did not take into his possession the property involved.

The course adopted by the sheriff was perilous, as the result demonstrates. It was easy for him to have put the burden on the claimants, but he assumed the burden himself, failed in his efforts to support it, and he must suffer the consequences.

As we read this record, the learned circuit judge erred in not directing the jury to find for the plaintiff, for it is plain that the sheriff did not travel the blazed way, and the execution creditor was without remedy for his neglect, save by this suit. Instead of directing a verdict for plaintiff, the court took the opposite course, by directing a verdict for defendant.

The relative rights of the plaintiff in execution and the claimants of the warrant could not be adjudicated in this suit, for the reason that there had been no legal levy of the execution.

*Reversed and remanded.*